**Dilma Leticia Salguero MORALES,**
**Petitioner,**

v.

**IMMIGRATION AND**
**NATURALIZATION SERVICE,**
**Respondent.**

No. 02–72120.

Agency No. A74–422–045.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2004.*

Decided Feb. 18, 2004.

Marshall G. Whitehead, Phoenix, AZ, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, Mary Jane Candaux, Arthur L. Rabin, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before RYMER, HAWKINS, and BYBEE, Circuit Judges.

## MEMORANDUM**

Dilma Leticia Salguero Morales, a native and citizen of Guatemala, petitions for review of the decision by the Board of Immigration Appeals summarily affirming denial of her application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). As this is a streamlined case, we review the decision of the immigration judge (IJ). 8 C.F.R. § 1003.1(a)(7). We deny the petition.

We review the IJ's decision to see if there is substantial evidence to support it.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). This court can reverse the IJ's factual findings only if "a reasonable factfinder would be compelled to find the petitioner eligible for the relief sought." *Gomez–Saballos v. INS,* 79 F.3d 912, 914 (9th Cir.1996).

Morales's appeal turns on whether her fears of going back to Guatemala are well-founded. Her testimony that the government or guerillas may become aware of her presence in the country and possibly kidnap or kill her is speculative and unsupported by "credible, direct, and specific evidence of facts supporting a reasonable fear of persecution on the relevant ground." *Prasad v. INS,* 47 F.3d 336, 338 (9th Cir.1995) (quoting *Shirazi–Parsa v. INS,* 14 F.3d 1424, 1427 (9th Cir.1994)). We agree with Morales that she was not required to produce documentary evidence to support her claim of persecution, but her own testimony is largely conclusory and lacking details. *See Chanchavac v. INS,* 207 F.3d 584, 589 (9th Cir.2000) (testimony must supply facts that satisfy the "objectively reasonable" prong of test for well-founded fear). Morales was not singled out for persecution; generalized violence, such as occurred at the Independence Day event she attended, does not suffice. *See, e.g., Kotasz v. INS,* 31 F.3d 847, 851–52 & nn. 5–6 (9th Cir.1994) (asylum); *Mendez–Efrain v. INS,* 813 F.2d 279, 282 (9th Cir.1987) (withholding of deportation). Nor does being asked to join the civil patrols, which all persons in her village were required to do. Her uncle's disappearance was not linked to her or to any particular persecutor. The only threats to which she testified were vague and led to no harm. *See Lim v. INS,* 224 F.3d 929, 936–37 (9th Cir.2000). While Morales no doubt fears the unrest and general disorder that she experienced in Guatemala when she left in 1989, the evidence is not such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed.

PETITION DENIED.